## No. 6821.

### PAUL FOURCHY VS. G. M. BAYLY & POND.

A debtor in bankruptcy, under the Composition Act of Congress of 1874, has sufficiently complied with the requirements of the law when, being ignorant of the name of the holder of his promissory note, he has given in his schedule a full description of the note, stating the date, amount, maturity and to whom payable.

A suit subsequently filed by the holder against such debtor, averring the ownership of the note, does not affect the Composition proceedings and does not impose upon the bankrupt the duty of amending his schedule.

A PPEAL from the Fourth District Court for the Parish of Orleans. *Lynch*, J.

---

*Thos. J. Semmes* for Plaintiff and Appellee:

In case of Composition proceedings under Act of Congress of 1874, where a creditor has two distinct debts, and one only is placed by the debtor on the statement of debts, the omitted debt is not affected by the composition, although the creditor participated in the proceedings.

*Kennard, Howe & Prentiss* for Defendants and Appellants; on application for rehearing:

First—State courts have no jurisdiction of suits against bankrupts, pending bankrupt proceedings, except in cases where the consent of the bankrupt court is obtained, and this

consent can only be given by the bankrupt court where the suit is for the purpose of liquidating the claim.

Second—The bankrupt law does not require the names of the holders of negotiable notes at the time the schedules are filed to be inserted in the schedule, but only such descriptions as are necessary to identify them; the debt is the thing which the law requires to be described.

Third—When the amount of the claim, as in this case, is evidenced by a note, no suit can run in a State court pending bankrupt proceedings. The bankrupt court has no authority to consent to the institution of such a suit. This consent can only be given where the claim is unliquidated.

Fourth—Where a doubt arises as to the correctness of a claim in bankruptcy, which doubt is not due to the bankrupt's laches, the case should be remanded that justice may be done.

The opinion of the Court was delivered by

TODD, J. This is a suit on a promissory note for $1237.44 and interest, executed by the defendants, payable to the order of Payne, Denegre & Co. and by them indorsed.

The defense is that the defendants had been adjudicated bankrupts; that a meeting of their creditors had been held, and their creditors had voted in favor of a composition offered by them; that plaintiff had appeared and proved a claim held by him against the defendants, and had participated in said composition proceedings, by reason of which they claim their discharge from the debt.

There was judgment for plaintiff and the defendants have appealed.

The composition act of 1874, relating to proceedings in bankruptcy, prescribes the terms on which the bankrupt may make a composition with his creditors.

Among its other requirements it enacts :

"That the provisions of a composition accepted by such resolution in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor, produced at the meeting at which the resolution shall have been passed, *but shall not affect or prejudice the rights of any other creditors.*"

We find in the statement submitted by the debtors in this case that plaintiff was not put down as a creditor for the claim in suit. It is true that a claim similar in amount, date, etc., was reported in the statement, and for this claim the names of Payne, Denegre & Co., the payees of the note sued on, were reported as the creditors.

The law required, as we have seen, that this statement must include the names of all creditors, with the amount of their claims, etc. A further provision required that where the creditor or creditors were unknown that such fact should be asserted in the statement.

A party claiming his discharge under this act, must bring himself

clearly within its provisions; nothing must be left to inference or implication.

The plaintiff was not reported in the statement of the debtors as a creditor for this claim, although it is admitted that he was so reported for another claim. Nor was it a sufficient compliance with the law that Payne, Denegre & Co. were reported as creditors for a similar amount, date, etc.

It might be that there were two or more notes of the same tenor and amount executed by the defendants to the same payees. Besides, the note in question was negotiable in form; and thus its negotiation was contemplated at the time of its execution; and there was no reason to conclude that it still remained in the hands of the payees; and that they, the payees, were still creditors for this claim.

And again, the record shows that the defendants were cited in this case on the 14th March, 1876; at which time and by which means they were informed that plaintiff was the holder of the note. The amended answer of the defendants, filed on the 10th of April, 1876, refers to a meeting of their creditors, including the plaintiff, as having taken place. The composition act referred to gave the debtor the privilege of correcting his statement as to any error made in the original one, touching the claims therein reported; and here was an opportunity shown to have been offered the defendants to make this correction, and place plaintiff's name on the statement for this debt, after they were informed by the citation that he was the creditor; and such correction was not made. Vol. 18 Stat. at Large, p. 183.

It made no difference that the plaintiff was present at the meeting of the creditors and opposed the proceeding for a composition, for it is distinctly admitted that he had been reported in the statement as a creditor, but a creditor for another claim.

We are of the opinion that creditors whose names and address, and the amount of whose debts are not placed on the statement of debts, are not bound by the composition proceedings; and in this we are supported by the highest authority.

*Ex parte* Matthews L. R. Ch. App., 307; Breslawer vs. Brown, 3. Appeal cases, 672.

And holding this opinion, we conclude that the defendants were not discharged by these proceedings, pleaded in their answer as a bar to this action.

The judgment of the lower court is, therefore, affirmed with costs.

---

## ON REHEARING.

FENNER, J. Upon a re-examination of this case, we are satisfied that, in determining the duty of the defendants with reference to the

framing of their statement of debts in their composition proceedings, we have committed error. The composition act of 1874, after providing that the composition should be binding only on the creditors "whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor," adds the provision that, when a debt arises on a bill or note, if the debtor shall be ignorant of the holder, he shall be required to state the date, amount, date of maturiy, *to whom payable*, and any other particulars within his knowledge, "and the insertion of such particulars shall be deemed a sufficient description by the debtor in respect to such debt."

These requirements have been fully complied with by the defendants in their statement or schedule. The debt due plaintiff arose on a negotiable note, of which Payne, Denegre & Co., whose name is placed on the statement, were the original payees, and there is no evidence to show that, at the time of filing or producing of said statement, defendants were not ignorant of the then holder. This suit, subsequently filed, in which, for the first time, plaintiff appeared as such holder, did not have the effect to annul proceedings based upon such statement; nor did it impose upon defendants the duty of amending such statement under penalty of nullity. The answer of defendants informed the plaintiff that the composition proceeding was pending, and that his debt was placed upon the statement filed, quite as fully as the plaintiff's petition informed defendants that he was the owner of the debt.

There was no necessity, in law or reason, for defendants to amend their statement, made in strict accordance with law, for the mere purpose of apprising plaintiff of a fact of which their answer to his suit fully informed him.

In any event, defendants' certificate of protection should have operated to stay the action until the termination of the composition proceedings, which were not completed even at the date of the judgment herein.

The granting of such stay is the judgment which should have been rendered. U. S. R. S. § 5106.

It is, therefore, ordered that our former decree herein be annulled and set aside; and it is now ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and that this cause be remanded to the lower court with instructions to stay all further proceedings therein until the determination of the court in bankruptcy on the question of discharge under the composition proceedings or in bankruptcy; plaintiff and appellee to pay costs of this appeal.